**LAW OFFICES OF LES ZIEVE**
**BRIAN H. TRAN, ESQ. #255577**
**LESLIE M. KLOTT, ESQ. #279622**
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: (714) 848-7920
Facsimile: (714) 908-7807
Email: bankruptcy@zievelaw.com

Counsel for Movant, Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-through Certificates, Series 2007-BR1, by Ocwen Loan Servicing, LLC, as servicer

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Rebecca Hackworth and Michael Hackworth,<br><br>Debtors. | Case No.: 15-12643<br><br>RS No. BHT - 107021<br><br>CHAPTER 7 |
| Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-through Certificates, Series 2007-BR1, by Ocwen Loan Servicing, LLC, as servicer, its assignees and/or successors in interest,<br><br>　　　　　Movant,<br><br>vs.<br><br>Rebecca Hackworth and Michael Hackworth, Debtors,<br>Randell Parker, Trustee,<br><br>　　　　　Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**HEARING:**<br>Date:　September 29, 2015<br>Time:　10:00 a.m.<br>Place:　United States Bankruptcy Court<br>　　　　510 19th Street<br>　　　　Bakersfield, CA  93301 |

## MOTION FOR RELIEF FROM AUTOMATIC STAY (REAL PROPERTY)

COMES NOW Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-through Certificates, Series 2007-BR1 ("Movant"), by Ocwen Loan Servicing, LLC, as servicer through the undersigned

1

counsel moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtors. The facts and law supporting this Motion are set forth below and in the Declaration in Support of Motion for Relief from Automatic stay filed contemporaneously herewith (the "Declaration").

### FACTUAL BACKGROUND

1. The Debtors Michael E. Hackworth and Rebecca L. Hackworth are the owners of real property located at 35388 Wells Road, Coarsegold, California 93614 (the "Property").

2. A petition under Chapter 7 of the United States Bankruptcy Code was filed with respect to the Debtors Michael E. Hackworth and Rebecca L. Hackworth on June 30, 2015.

3. The Debtors Michael E. Hackworth and Rebecca L. Hackworth have executed and delivered that certain promissory Note in the original principal amount of $259,000.00 (the "Note"). Movant is an entity entitled to enforce the Note as the promissory note is either made payable to Movant or has been duly endorsed. A copy of the Note is attached hereto as **Exhibit "1"**.

4. Pursuant to the Deed of Trust, all obligations of the Debtors Michael E. Hackworth and Rebecca L. Hackworth under the Note and Deed of Trust with respect to the Loan are secured by the Property. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief hereto as **Exhibit "2"**.

5. Movant is the original mortgagee or beneficiary or the assignee of the Deed of Trust. A true and correct copy of the Affidavit of Lost Assignment is attached to the Declaration in Support of Motion for Relief as **Exhibit "3"**.

6. Ocwen Loan Servicing, LLC ("Ocwen") services the underlying mortgage loan and note for the property referenced in this Motion for Relief for Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-through Certificates, Series 2007-BR1 and is entitled to proceed accordingly. Should the

2

Automatic Stay be lifted and/ or set aside by Order of this Court or if this case is dismissed or if the debtors obtain a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-through Certificates, Series 2007-BR1.  Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-through Certificates, Series 2007-BR1 has the right to foreclose because Movant is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan.  The promissory note is either made payable to Movant or has been duly endorsed.

7. As of **August 12, 2015,** there are one or more defaults in paying Debtors mortgage payments with respect to the Note.  Debtors Michael E. Hackworth and Rebecca L. Hackworth owe a minimum outstanding obligation amount of $315,033.18.  See declaration ¶8.

8. Pursuant to the Note, an additional monthly payment in the amount of $2,053.38 will come due on September 1, 2015.

9. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $750.00 in legal fees and $176.00 in costs.  Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy code and otherwise applicable law.

10. Debtors have elected to surrender the property per the Statement of Intentions. Attached hereto as **Exhibit "4"** is a copy of the Statement of Intentions.  Movant requests that the Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201 of the attached Exhibit.

///

///

**LAW AND ARGUMENT**

1.  The Bankruptcy Code § 362(d)(2) authorizes the court to lift the automatic stay of an act against property where the debtor has no equity in such property and the property is not necessary for an effective reorganization.  In re Dollar Associates, 172 B.R. 945, 953 (Bankr. N.D. Cal. 1994).  In determining whether there is equity in the property, all encumbrances on the property, including all costs and fees must be considered.  In re Sun Valley Newspapers, Inc., 171 B.R. 71, 75 (Bankr. 9th Cir. 1994), citing Stewart v. Gurley, 745 F.2d 1194, 1196 (9th Cir. 1984)).

2.  The fair market value of the Property is $230,961.00.  The basis for such valuation is found under Debtors' Schedule A.  Attached hereto as **Exhibit "5"** is a copy of the Schedule A.  Movant requests that the Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201 of the attached Exhibit as to the issue of value of the subject Property.

3.  According to Debtors' Schedule D, there is currently a junior lien upon the Property in favor of Chase Mortgage securing an obligation in the amount of $95,173.00.  Attached hereto as **Exhibit "6"** is a copy of the Schedule D.  Movant requests that the Court take Judicial Notice, pursuant to Federal Rules of Evidence Rule 201 of the attached Exhibit as to the issue of value of the subject Property.

4.  Upon information and belief, the aggregate amount of encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant is $410,206.18. With a value of $230,961.00 pursuant to Schedule A, Debtor has net equity of -$179,245.18.  In the present case, Debtors have no equity in the Property.

5.  Pursuant to the provisions of 11 U.S.C. § 361 and § 362(d)(1), even where the debtors have equity in Property, relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), where the Creditor's interest in the property is not adequately protected.  In

re Pliss, 34 B.R. 432 (Bankr. D. Or. 1983). Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion.

6. Debtors are currently due for November 1, 2012. As such, Movant is informed and believes that Debtors are presently unable or unwilling to provide adequate protection to Movant and there is no probability that adequate protection will be provided to Movant within a reasonable time. As such Movant is entitled to relief from stay under 11 U.S.C. 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.

## PRAYER FOR RELIEF

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding an effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. For an Order that 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. Movant, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification refinance agreement or other loss mitigation agreement as allowed by state law.

5. Movant may contact Debtors to comply with California Civil Code § 2923.5 or 2923.55 as necessary.

///

5

6. For such other relief as the Court deems proper.

DATED: September 14 2015         **LAW OFFICES OF LES ZIEVE**

*/s/ Brian H. Tran*

By: Brian H. Tran
Counsel for Movant, Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-through Certificates, Series 2007-BR1, by Ocwen Loan Servicing, LLC, as servicer